## PEOPLE v. LOCATELLI.

### (Court of Special Sessions, New York County. March, 1910.)

INDICTMENT AND INFORMATION ⬿191(½)—VIOLATION OF LIQUOR TAX LAW—
SUFFICIENCY OF INFORMATION.

An information for selling liquor on certain premises, without aver-
ment of the fact that they were being operated under a liquor tax cer-
tificate, under Liquor Tax Law (Consol. Laws, c. 34) § 8, subd. 2, does
not authorize conviction of sale by the glass in violation of such cer-
tificate, the penalty for which, under section 36, subds. 1, 2, is different
from sale without a certificate; Code Cr. Proc. § 284, subd. 7, requiring
an information to state the act, charged as the crime, so that the court,
on a conviction, can pronounce judgment according to the rights of the
case.

[Ed. Note.—For other cases, see Indictment and Information, Cent.
Dig. § 604; Dec. Dig. ⬿191(½).]

Catarina Locatelli is prosecuted for sale of liquor. Defendant ac-
quitted.

Argued before DEUEL, OLMSTED, and HOYT, JJ.

Charles S. Whitman, Dist. Atty., and George W. Whiteside, Deputy
Asst. Dist. Atty., both of New York City, for the People.

Joseph C. Totten and Arthur J. Westermayr, both of New York
City, for defendant.

DEUEL, J. On Sunday, December 5, 1909, the defendant was
arrested for selling two glasses of lager beer on the premises 227
Sullivan street, in the borough of Manhattan. The charge before the
magistrate, upon which the information before this court is found-
ed, contains the following statement: "Said premises being licensed
under license No. 30,400, second class, not to sell liquor by the glass."
She was held for trial, and the district attorney filed an information
which, in neither of its two counts, contains any averment that the
premises in question were protected by a duly issued and posted liq-
uor tax certificate under subdivision 2 of section 8 of the Liquor Tax·
Law.

The sale as charged in the information was proved at the trial, but
the evidence also disclosed that the premises were being operated under
a liquor tax certificate above described. The defendant at the close
of the people's case, moved for an acquittal on the ground that the of-
fense charged had not been proven and the offense actually proven
had not been charged. Time was given to submit briefs.

In a somewhat elaborate treatment of the question the district at-
torney contends that the information is correct, and that the penal-
ty intended by the act is the one mentioned in subdivision 1 of sec-
tion 36, for trafficking in liquor "without having lawfully obtained
a liquor tax certificate." The brief of neither party calls attention
to any decision of the present question under the Liquor Tax Law
and the court has found none.

The criminal penalties authorized by the act, and required to be
imposed in case of conviction, are two in number, and so widely di-

vergent as to necessitate entirely different averments in the information, so that, as required by subdivision 7 of section 284 of the Code of Criminal Procedure, the court may be able to pronounce judgment, upon a conviction, according to the right of the case. These penalties are to be found in subdivisions 1 and 2 of section 36. The former contains a minimum and a maximum fine, graded according to the character of the traffic, with added and direct imprisonment of not less than 30 days; the latter provides for a fine not exceeding $500, but does not make imprisonment mandatory.

The former is characterized by the law itself as the penalty for "trafficking in liquors without having a liquor tax certificate" (section 19, last clause); and therefore the other, appropriately, may be called "trafficking in liquors in contravention of certificate's rights." Accordingly we find in the penal section (section 36, subdivision 1):

"Any person trafficking in liquors, who is prohibited from so doing or who so trafficks without having lawfully obtained a liquor tax certificate" shall suffer the extreme penalty.

The next subdivision penalizes false statements in the application for a certificate, or for a transfer thereof, or for violations of certain enumerated sections of the law, without mentioning certificate holder, until the last sentence, which withholds permission to apply this lesser penalty "to violations of section thirty by a person not holding a liquor tax certificate." In other words, a person not holding a liquor tax certificate cannot be charged with the offense of Sunday selling, which was so held by this court in People v. Spirino, N. Y. Law J. March 14, 1907.

It cannot be said that the defendant in this case was "trafficking in liquors without having a liquor tax certificate," nor can it be said that she was so trafficking "without having lawfully obtained a liquor tax certificate," for the one found on the premises must be presumed to be genuine. It must be borne in mind that, besides the criminal penalties imposed upon certificate holders, there are civil penalties— forfeiture of the certificate and a recovery on the bond—which cannot be inflicted in the case of those who traffic without a certificate, upon whom it was the evident purpose of the law to impose the harsher punishment. Upon the assumption that the statute in question is capable of two constructions, it is the duty of the court to adopt the one that will work no injustice. There would be an injustice, and it would be contrary to the spirit of the law, to compel this defendant to suffer more severe mandatory penalties than a neighbor who similarly trafficked without a vestige of right.

While the present law differs materially from preceding excise statutes, the principles measuring out penalties are practically the same. Under an older statute it was held that a man doing business under a storekeeper's license, who sold liquor to be drunk on the premises, could not be charged with selling without a license. People v. Buffum, 27 Hun, 216; Huffstater v. People, 5 Hun, 23. The motion of the defendant should be granted.

The defendant, accordingly, is acquitted. All concur.